Milligan, J.,
delivered tbe opinion of the Court.
This is a bill filed in the Chancery Court of Tip-ton county, by the complainant, as administrator of Emmet T. Morgan, deceased, (who, it appears died before marriage and without issue, heavily indebted,) far a construction of the Will of his father, John L. Morgan, and to subject the complainant’s intestate’s interest under the Will, to the satisfaction of his debts.
The Will is very short, and all which appears to be necessary to be noticed, is in the following words:
“I John L. Morgan, of Covington, Tipton County Tenn., being of feeble health, but of sound and disposing mind and memory, and being desirous of making other and different dispositions of my worldly effects, than that made by the laws of the land, do make and publish this, my last Will and testament; hereby revoking and making void all other Wills by me made at any time.
“Mrst, I commend and consign my soul to my Creator, and implore the protection of a. kind Providence upon my family.
“Second, I give and bequeath to my beloved wife, Roberta A. Morgan, all of my estate, both real and personal, to dispose of and divide among my children as she may think best.”
*409 The testator then appoints his wife, Roberta A. Morgan, the executrix of his Will, and clothes her with full power to execute the same, without giving bond as required by law.
The executrix qualified under the Will, and has since settled up and paid off the debts of the estate; and has still remaining in her hands, as it is alleged, a considerable surplus for distribution among the children.
The estate of the complainant’s intestate is said to be insolvent; and it is now claimed that the widow holds the whole real and personal estate of the testator, as a naked trustee, for the benefit of her children, who have a vested interest in it; and this bill is brought to have the deceased son’s interest declared, and applied to the benefit of his creditors.
The bill was dismissed upon demurrer, and an appeal in error is prosecuted to this Court.
The first question presented, is to determine the nature and quantity of the estate, vested by the Will in the testator’s widow. On the one hand, as we have seen, it is argued that she has no beneficial interest in it, but holds the estate, real and personal, as a naked trustee, for the benefit of the children; and on the other, it is contended, that she is vested with an absolute estate in the whole, or at least, with a beneficial estate for life, with power of appointment, at her discretion, limited to the testator’s children.
The ruling consideration in the construction of all testamentary papers, is, to ascertain the intentions of *410 tbe testator, as derived from the Will itself. To this end, the whole body of the Will may be looked to, and the meaning and intention of the testator drawn from every part of it. Viewing the Will in this light, it is scarcely possible for a moment, to believe that the testator intended to cut his widow off from all participation in his estate, and charge her with the duties and responsibilities of a naked trustee, without any beneficial interest in the estate. Such construction is repelled by the solemn declaration of the testator himself, in his prefatory remarks to the Will. He declares his purpose in making his Will, to be, prompted by a desire .to make “other and different disposition of his worldly effects than that made by the laws of the land/’ This declaration when coupled with the subsequent kindly expressions for the “protection of his family,” and the great confidence reposed in his wife, by intrusting her with the execution of his Will, without bond or security, forbids the idea that he intended totally to defeat her in the enjoyment of his estate. The contrary is rather the correct and evident interpretation of the mind of the testator. He did not intend to diminish the interest his wife would have taken under the law, but to increase it.
How far the testator intended to increase his wife’s interest in his estate, beyond the interest the law would have cast, upon her, and to what extent he intended to limit her power over it, is a question of more difficulty. The words of the Will, under our Code, sec. 2164, when considered in the light of a manifest tendency in modern decisions, to refuse to *411 construe mere hortatory declarations of a testator into a trust, are well nigb broad enough to vest the widow with an absolute estate in the whole property.
As to this doctrine, see 1 Redfield on Wills, 712; C., note 46, and 713 D.; Hill on Trustees, 110, and note 1; also, David vs. Bridgman, 2 Yer., 557.
But we think it was not the intention of the testator to vest in his wife an absolute estate to all his real and personal property; but to confer upon her a beneficial interest in the estate for life, with power to dispose of the whole at her discretion, among the testator’s children, as a class of persons, to whom the power of disposition vested in the wife, is limited. The clause “to dispose of and divide among my children as she may think best,” is clearly, when coupled with what precedes it in the same clause, the declaration of a trust in their favor, with a parental discretion in the wife, to accelerate in the whole or in part, the period of enjoyment by the children: 3 Leading Cases in Eqy — Han and Wallace’s notes, 521, 522; also, Collins vs. Carlile’s Heirs, 7 B., Monroe, 13.
Although the wife, by the Will, is vested with an estate in the property, both real and personal, sufficient for all the purposes of the trusts, she nevertheless has only a qualified interest in the estate, with power of appointment in the exercise of a sound discretion, to the children, as before herein stated. The exercise of the power of appointment, seems to be a condition precedent to the actual enjoyment of the estate in whole or in *412 part, by the children; and no beneficial interest in them, can he enjoyed until this power is exercised: Hill on Trustees, 490, mar.
No doubt is entertained, if the donee of the power were to fail to exercise it during her life, and die without it, that a Court of Chancery would enforce the trust equally among all the children: Rogers vs. Rogers, 2 Head, 660, and authorities there cited.
But we need not discuss this doctrine, nor the question whether or not, in the event the donee of the power of appointment were to undertake to dispose of the whole estate among her children, each one would be entitled to an equal share; or whether she might discriminate as well as to the quantity to be given to each, as to the time of enjoyment.
These are questions which call for no decision on this record. It is enough to hold, under the construction we have given the Will, that the complainant cannot now maintain this bill.
Decree of Chancellor is confirmed; and the bill dismissed with costs. >